**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Mildred M. Mulero-Garcia**<br>*Plaintiff*<br>v.<br>**Megan J. Brennan, Postmaster General**<br>**U.S. Postal Service**<br>*Defendant* | CIVIL ACTION<br>Case No. **3:17-cv-1514**<br>**TITLE VII** (EMPLOYMENT)<br>• **GENDER DISC.**<br>  **RETALIATION**<br>**Demand for Jury Trial** |

### COMPLAINT

### I. INTRODUCTION

1. Plaintiff, *Mildred M. Mulero-Garcia* ("Mulero-Garcia"), brings this *civil action* pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. to remedy gender discrimination (hostile working environment) and retaliation perpetrated against her by defendants. Plaintiff asserts U.S. Postal Service ("USPS") discriminated against her based on her *gender* and *retaliated* for opposing unlawful misconduct by male coworkers (watching porn/sexually explicit content in USPS facility breakroom's TV), when the same person she complained to, shortly after *selectively* engaged in her *retaliatory termination* of employment with a pretextual unfounded accusation based on a single medically excused absence. The USPS decision maker was aware plaintiff Mulero-Garcia had already engaged in protected conduct.

2. Defendants unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant's justification for her termination is a *pretext* for retaliation. Prior to her retaliatory termination of employment, plaintiff previously opposed employer's unlawful work practices on September 20, 2015, when she was physically assaulted by a USPS supervisor. She initiated corresponding EEO investigation on workplace *gender* (sex) and *age* discrimination. USPS Labor Relations (HR) was aware of her prior EEOC activity, yet defendants failed to protect her when she complained of male coworkers unlawful misconduct, which created a very offensive hostile working environment in violation of established laws.

1

3. She seeks reinstatement, back pay, benefits, compensatory damages and attn. fees.

## II.    JURISDICTION

4. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.

5. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed by USPS to provide service in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on the premises of the USPS, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

6. Prior to filing this lawsuit, plaintiff Mulero-Garcia filed a written charge with the Equal Employment Opportunity Commission ("EEOC"), where she notified USPS EEO's office and indicated discrimination based on *gender* and *retaliation*. The charge placed USPS on notice of her claim under federal employment discrimination statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16. She has received EEO's Notice of *Final Agency Decision*. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. See **Exhibits I.**

## III.    PARTIES

9. Plaintiff Mildred M. Mulero-Garcia ("Mulero-Garcia") is a citizen of Gurabo, Puerto Rico and at all relevant times was employed by the United States Postal Service in the Commonwealth of Puerto Rico. She is forty-eight (48) year of age and worked as casual mail handler, for the Cataño USPS Postal Office. She resides in the judicial District of Puerto Rico.

10. Defendant Megan J. Brennan is the Postmaster General of the United States Postal Service ("USPS"). She is sued as the head of the United States Postal Service. Defendant USPS operates facilities within the judicial District of Puerto Rico. Defendant's employee Guillermo E. Rivera wrongfully terminated plaintiff's employment *after* plaintiff opposed her male coworker's unlawful misconduct (watching porn/sexually explicit content at USPS facility) which created an offensive hostile working environment for her. Plaintiff reserves de right to amend the Complaint, if necessary, to include other supervisors and USPS employees that could be held vicariously liable for defendant's actions.

11. Defendant U.S. Department of Justice is included to comply with Procedural Rules, with regards any lawsuit filed against a United States Government and its officials, in this case the USPS. U.S. Department of Justice Attorney General, Loretta E. Lynch, is a codefendant in her official capacity. Her mailing address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

12. Defendants are employees, agents, and/or supervisory personnel of the USPS and were, at all times material to this complaint, acting in the course and scope of their employment. Defendants participated in and/or directed the unlawful violations alleged herein, or knew of the violations and failed to act or prevent them. At all times relevant to this complaint, Defendants all acted under color of federal and/or state law and acted in the course and scope of their employment. All individual Defendants are jointly liable for monetary damages alleged herein.

### IV.     FACTUAL ALLEGATIONS

15. Plaintiff Mildred Mulero-Garcia is a forty-eight (48) year-old female employee of the United States Postal Service. She worked at the Caribbean District Cataño municipality post-office and the GPO in Hato Rey.

16. While working under direct supervision of USPS Supervisor John Fisher, plaintiff previously experienced various forms of prohibited discrimination, including sexual harassment because of her gender (female) and her discrimination because of her age (40+). While working for the USPS she experienced a hostile work environment which included unwelcomed sexual requests and offensive behavior (unprofessional comments, yelling, rubbernecking, etc.), which even resulted in her unwelcomed physical contact (assault), on September 20, 2015. On said day, at approximately 3:43 A.M., USPS Supervisor John Fisher abruptly and forcefully touched her right upper arm multiple times, in a hostile manner, making her feel extremely uncomfortable. As a result, plaintiff filed a report of said incident with the U.S. Postal Police. USPS Supervisor Fisher had to be stopped by Postal Police from approaching her, while plaintiff went to notify the incident to Officer Campbell and prepared a statement. Prior to said incident, USPS Supervisor Fisher had approached her on multiple times, as he accustomed to do with other female employees on a regular basis, to invade her private space, pucker his lips in her face and vulgarly asking her to "Give me a Kiss". This behavior was unprofessional and unwelcomed. Other employees: Jennifer Cruz Cancel and Pedro Batista, were aware of his misbehavior. In addition, Supervisor Fisher created a hostile working environment for the plaintiff, and many others, by routinely yelling and physically imposing his will, by grabbing them by their shoulders or slapping his palms in front of their face. USPS Labor Department (HR) was fully aware of the situation, yet failed to timely protect the plaintiff from this hostile working environment.

17. As a female employee, Mulero-Garcia was later treated differently by USPS because she exposed to management her male coworkers unlawful misconduct (watching porn). This created an extremely offensive and hostile working environment for her as a female, who was asked to work very late into the night/overnight shifts in a male dominated environment.

18.     While working at the Postal Service Cataño Office on February 21, 2016, plaintiff Mildred Mulero-Garcia, during the first shift on that Sunday at 1:15 a.m. in the morning, took a break, and walked into the employee break room to find USPS male employees watching an adult movie with explicit sexual activity on USPS's TV. At that moment plaintiff felt frightened as there was a group of men watching this sexually explicit movie. When the plaintiff asked that they changed the channel, none of the USPS employees in the break room made an effort to change the channel and the plaintiff had to step out of the room, as she felt uncomfortable in such an offensive unpleasant work environment. USPS failed to adequately supervise and/or prevent her male coworkers' unlawful workplace misconduct. She reported this to management.

19.     On February 24, 2016, the plaintiff gave a written statement to USPS Supervisor Guillermo E. Rivera, related to the February 21, 2016, incident. This Supervisor was aware she opposed her male USPS coworkers unlawful misconduct. But instead of taking steps to protect her form a hostile working environment, the USPS allowed management to selectively target the plaintiff for her termination in an effort to coverup her male USPS coworkers unlawful conduct. Plaintiff was given a pretextual excuse and terminated from employment for a single medically excused absence. She was terminated by the same supervisor she complained to about unlawful work practice. USPS sought to find an easy way out of the embarrassing situation, by fabricating an excuse to selectively exclude her form the workplace.

20.     The Plaintiff now comes before this Court to seek only what is deem to be fair and just, thru reasonable compensation for damages as a result of her employer USPS's willful discrimination and her deprivation of meaningful employment with the U.S. Postal Service.

## V.     CAUSES OF ACTIONS

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq.

**(Hostile Work Environment, Sexual Harassment and Gender Discrimination)**

21.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

22.     The defendant's conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII.  Defendants conduct constitutes a *hostile working environment*, *sexual harassment* and *gender discrimination* which violates Title VII and Civil Rights Act of 1991, as amended.

23.     The plaintiff was the only female casual employee at the Cataño Post Office.

24.     On the late-night work shift of February 21, 2016, plaintiff Mulero took her break and went into the employee breakroom to relax.  As she walked into the room she noticed her male co-workers were watching a sexually explicit movie on the USPS TV which showed two naked people engaging in sexual activity.  The sexually explicit content at work was offensive to her and she asked for them to turn off the TV, but none of her coworkers did anything about it. The environment was so unpleasant, plaintiff had to leave the breakroom. Given that the plaintiff was already experiencing a hostile working environment as a result of a USPS Supervisor (Fisher) which had already required her to file an EEOC complaint, she then proceeded to notify in writing the breakroom incident to her acting Manager Guillermo Rivera. As a casual mail handler, the plaintiff could not avail of the Collective Bargaining Agreement's Union grievance process. Other employees have confirmed sexual content was displayed on USPS TV at the time.

25.     The USPS anti-sexual harassment policy failed to prevent this situation.  As a result of opposing such offensive hostile working environment, shortly after plaintiff suffered willful sex-based/gender discrimination in the workplace because she was treated unfavorably by her employer, because she was a *woman*. As a result, she was then treated less favorably than other male counterparts who were not subject to retaliatory termination of employment.

26. At all relevant times plaintiff complied with US Postal Service Regulation.

27. Due to a medical emergency which required medical assistance the Plaintiff had to be absent from work on March 14, 15 and 16 of 2016. At all relevant times, the Plaintiff notified USPS management of the situation. She called USPS telephone hotline, texted her Supervisors, later gave medical evidence of her illness and confirmed she applied for FMLA.

28. Prior to this incident plaintiff had no recurring pattern of absenteeism nor any kind of disciplinary problems. USPS Supervisor Guillermo Rivera instead, failed to follow any kind of progressive disciplinary process, took for granted plaintiff's medically emergency and selectively choose to terminate plaintiff's employment.

29. USPS discriminated against the female plaintiff, because male employees were treated more favorably by Supervisors and were not subjected to termination of employment for a single medically excuse absence. Plaintiff was treated differently that similarly situated male employees. She was subjected to *disparate treatment* and a *hostile working environment* as well. In comparison with similarly situated casual male employees, plaintiff was always required to work the most overtime. Ronal Zayas had Chikungunya and was absent for almost a week, after using his sick/vacation leave, but he was not terminated. Also, Pierre H. Rojas Arroyo, was absent from work, but was not terminate by the USPS. Plaintiff suffered disparate treatment by the USPS.

30. The plaintiff will proffer evidence as well, that the employer took severe adverse actions against her, without affording her any progressive discipline. Evidence will show USPS was fully aware of her documented medical emergency.

## COUNT II: UNLAWFUL RETALIATION

31. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

32. Defendant's conduct as alleged at length herein constitutes retaliation because plaintiff engaged in activities protected by Title VII. The stated reason for defendant's conduct was not the true reason, but instead a *pretext* to hide defendant's retaliatory *animus*.

33. The Court will find that USPS supervisors illegally retaliated against plaintiff by unjustly subjecting her to a *false allegations of unexcused work absences* solely because she had reported the aforementioned offensive hostile working environment. Defendants failed to follow USPS regulation, including progressive disciplinary actions. Evidence will show that male USPS employees who engaged in similar absences, were not disciplined and/or terminated.

34. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of gender and also prohibits retaliation against an employee who asserts her rights under the law. Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people, including *females*. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

35. Courts have consistently held that a defendant is liable for retaliation against a plaintiff for filing an EEOC charge, regardless of the validity or reasonableness of the charge. *Wyatt v. Boston*, 35 F.3d 13,15 (1st Cir. 1994) To permit an employer to retaliate against a charging party based on its unilateral determination that the charge was unreasonable or unjustified would also chill the rights of all individuals protected by the anti-discrimination statutes. In the present case, the Court will find that the plaintiff engaged in protected activity by opposing USPS unlawful conduct/workplace harassment by male USPS employees, *prior* to the employer initiating her selective prosecution for termination. Shortly after the plaintiff filed her initial EEOC charge to report unlawful gender and age discrimination, her supervisors selectively *chose* to wrongfully terminate her employment.

8

36. The plaintiff will proffer direct and circumstantial evidence to show her employer's reason for termination of her employment on March 22, 2016, is *pretext* to hide employer's management retaliatory *animus*.

37. Plaintiff can and will establish the occurrence unlawful retaliation, by demonstrating how her USPS supervisors took adverse action by terminating her employment in retaliation for having opposed unlawful USPS male employee misconduct. In plaintiff's case the employer failed to follow progressive disciplinary process prior to engaging in plaintiff's termination of employment for a single (absence) occurrences which was medically excused and properly notified to USPS. Plaintiff's supervisors most likely would not have taken the action to terminate her employment afterwards "in the absence of" the plaintiff's internal complaint. Plaintiff complaint to supervisors about the sexually explicit (offensive) material by coworkers and her previous filing of an EEOC complaint charging her employer with gender discrimination were the motivating factor for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006)

38. Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment, but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). In the present case, the Court will find that USPS termination of the plaintiff, in retaliation for reporting workplace harassment and gender discrimination, could dissuade a reasonable worker from engaging in protected activity, if the worker knew that would result in her termination of employment. The Civil Right Act of 1991 provided for compensatory and punitive damages in disparate treatment Title VII claims

where the employer engages in "unlawful intentional discrimination" prohibited under section 703, 704, or 717 of the Act. 42 U.S.C. §1981a (a) (1). Taken as a whole, plaintiff's evidence wills suffice to support a finding defendants acted with reckless disregard to plaintiff's rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff.
D. That this Honorable Court award compensatory and general damages in the amount of $1,000,000.00 against Defendants, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by the law and statutes of the United States.
E. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.
F. Pre-judgment interest; and
G. Any other relief this Court deems equitable, just and appropriate.

## VII. JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

In San Juan, Puerto Rico, on this 17th. day of April 2017.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 200-2715
Email: hcobo@hcounsel.com

/S/ Carmen L. Soto-Tellado
Carmen L. Soto-Tellado, Esq.
**USDC-PR226012**
Soto-Tellado Law Centre
251, Calle Recinto Sur
San Juan, Puerto Rico 00901
Tel. (787) 349-9208
Email law@microjuris.com

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2017, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whim counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*
